### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Margaret Candreva, | Case No. 2:22-cv-02250-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Craig Van Lines, Inc., | |
| Defendant. | |

**I.  Background**

Defendant moves this Court to enter a protective order with respect to a 30(b)(6) deposition Plaintiff noticed for March 8, 2023. (Dkt. No. 12). Defendant supports its request by noting that the discovery deadline has passed and that the parties have not yet successfully addressed the elapsed discovery deadlines. (*Id.*, ¶¶ 14,18). Defendant also notes that, once the parties resolve the elapsed discovery deadlines, Defendant will agree to produce a 30(b)(6) witness. (*Id.*, ¶ 18).

**II.  Standard**

Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Rule 26 also "provides for broad discovery." *Nallapati v. Justh Holdings, LLC*, 2022 WL 274405, at *2 (E.D.N.C. Jan. 28, 2020); *see also* Fed. R. Civ. P. 26(b)(1). Therefore, the "standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009). "A party moving for protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Artis v. Murphy-Brown LLC*, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018).

> [C]ourts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause. This recognizes that the existence of good cause for a protective order is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action.

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FED. PRACTICE AND PROCEDURE § 2035 (2d ed. 2009). "A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts[.]" *Minter*, 258 F.R.D. at 125. "By requesting the Court to prohibit a plaintiff from deposing a witness, defendant [] assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001).

### III. Discussion

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours & Co.*, 867 F. Supp. 1238, 1250 (D.S.C. 1994). The subpoena here seeks discovery after the discovery deadline. (*Compare*, Dkt. No. 18-6 (noticing deposition for March 8, 2023), *with*, Dkt. No. 4 (ordering discovery to be completed by January 27, 2023)). The Court will not permit a party to issue a court-backed subpoena, particularly where the opposing party does not consent, that contravenes this Court's order closing discovery on January 27, 2023. Therefore, the subpoena seeks untimely and impermissible discovery and Defendant is protected from producing a witness on March 8, 2023.

The Court notes, however, that Defendant is not generally protected from producing a 30(b)(6) witness, or any other witness with discoverable information. The Court directs the parties

2

to confer and submit a consent motion for an amended scheduling order by March 10, 2023. If the parties are unable to reach an agreement regarding an extension of discovery, each party on March 10, 2023, shall submit a proposed revised scheduling order. The proposed amended scheduling order shall also include a proposed deadline for the parties to conduct mediation. The Court will thereafter issue a new scheduling order.

**IV.    Conclusion**

The motion for a protective order regarding the March 8, 2023 deposition is granted. The parties are directed to submit a consent motion for an amended scheduling order by March 10, 2023 or, if unable to agree on a revised scheduling order, two separate proposed revised scheduling orders.

IT IS SO ORDERED.

      s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 6, 2023
Charleston, South Carolina